IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KAMIL AL-ZIEBAWI, :
:
    Petitioner :
: CIVIL NO. 4:09-CV-2564
:
v. : (Judge McClure)
:
MARY E. SABOL, :
:
    Respondent :

## **MEMORANDUM and ORDER**

April 9, 2010

Petitioner Kamil Al-Ziebawi ("Petitioner" or "Al-Ziebawi"), a detainee of the United States Immigration and Customs Enforcement ("ICE") Office, who is confined at the York County Prison in York, Pennsylvania, initiated this action by filing a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. (Rec. Doc. No. 1.) In his petition, filed on December 30, 2009, Al-Ziebawi challenges his continued detention by ICE during his removal proceedings on the basis that his due process rights are being violated, and requests his immediate release.

In accordance with this Court's February 17, 2010 Order, a response to the petition was filed on March 2, 2010. (Rec. Doc. No. 6.) Although he was given the opportunity to file a reply (*see* Rec. Doc. No. 3), Al-Ziebawi chose not to do so.

Accordingly, the petition is ripe for disposition. For the reasons set forth below, the petition will be denied.

I. **Factual Background**

Al-Ziebawi, a native and citizen of Iraq, entered the United States on May 27, 1997, as a refugee. (*See* Rec. Doc. No. 6-2 at 3, Ex. A, Record of Deportable/Inadmissible Alien.) On February 21, 2000, Al-Ziebawi was convicted in the Erie County Court of Common Pleas of two counts of involuntary deviate sexual intercourse and one count of terroristic threats. (*See id.* at 4, Ex. B, Notice to Appear.) He was sentenced to no less than seven years on his first two counts and a term of six to twelve months on the count of terroristic threats. (*See id.*) ICE officials became aware of Al-Ziebawi's presence in the United States during his incarceration at the Erie County Jail. (*See id.* at 3.) On September 29, 2009, Al-Ziebawi was released from his state prison sentence into ICE custody. (*See id.* at 7, Ex. C, EARM Case Summary.)

On February 18, 2010, ICE issued a Notice to Appear alleging as follows: Al-Ziebawi had been admitted to the United States as a refugee, but was removable as an immigrant, who, at the time of application for admission, was not in possession of a valid entry document; he was an alien convicted of a crime involving moral turpitude; and he was an alien convicted of two or more offenses for which the aggregate

sentences to confinement actually imposed were five years or more. (*See id.* at 6.) Al-Ziebawi was served with the Notice to Appear on February 18, 2010, but refused to sign for it. (*See id.* at 5.) According to the Immigration Court Information System, provided by the Executive Office for Immigration Review ("EOIR"), as of the date of this Memorandum, Al-Ziebawi's removal proceedings still are pending, and he is scheduled for an individual hearing on May 28, 2010.

**II. Discussion**

Title 8 United States Code section 1226(c)(1)(A) provides as follows with respect to the mandatory detention of criminal aliens:

> (c) Detention of Criminal Aliens.
>
> (1) Custody
>
> The Attorney General shall take into custody any alien who- -
>
> > (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2)[1] of this title,

8 U.S.C. § 1226(c)(1)(A). Because Al-Ziebawi is an alien who has been convicted of a crime involving moral turpitude and two or more offenses for which the aggregate sentences to confinement actually imposed were five years or more, he is subject to the mandatory detention provisions under section 236(c) of the INA.

---

[1] Among the offenses covered in section 1182 are crimes involving moral turpitude. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I).

3

In his petition, Al-Ziebawi alleges that his continued detention violates his right to due process. (*See* Rec. Doc. No. 1.) In *Demore v. Kim*, 538 U.S. 510 (2003), the United States Supreme Court held that mandatory pre-order detention under section 236(c) of the INA "is a constitutionally permissible part of that process." 538 U.S. at 531. Significantly, the *Demore* court repeatedly qualified its holding by noting that mandatory detention is constitutionally permissible for the "brief," 538 U.S. at 513, 523, "limited," *id.* 526, 529 n. 12, 531, and "temporary," *id.* at 531, period necessary for removal proceedings. When it moves beyond the brief and limited period reasonably necessary to accomplish removal proceedings, mandatory detention is inconsistent with both the due process required by the Constitution and the statutory purposes of the INA.

In the instant case, removal proceedings had not even commenced at the time Al-Ziebawi filed his petition on December 30, 2009. A Notice to Appear was not served on him until February 18, 2010. (*See* Rec. Doc. No. 6-2 at 4.) Moreover, Al-Ziebawi only has been detained by ICE since September 29, 2009. (*See id.* at 7.) In comparing this case with other cases where continued mandatory detention during removal proceedings was deemed to be constitutionally permissible, this brief period of detention is not sufficient to trigger constitutional concerns. *See Demore*, 538 U.S. at 531 (6 months); *Slebo v. District Director*, Civil No. 3:09-CV-1335, 2009 WL

2151347 (M.D. Pa. July 17, 2009) (Munley, J.) (8 months); *Wright v. Bureau of Immigration and Customs Enforcement*, Civil No. 1:06-CV-2278, 2007 WL 86263 (M.D. Pa. Jan. 9, 2007) (Conner, J.) (7 months). Further, in light of the fact that Al-Ziebawi is scheduled for his individual hearing on May 28, 2010, there is no reason to believe that removal proceedings will not conclude in a timely fashion. After a final order of removal is entered, in the event that a delay occurs in Al-Ziebawi's removal from the United States, he will be entitled to avail himself of the protections afforded to detained aliens facing a final order of removal. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). For the foregoing reasons, the Court concludes that Al-Ziebawi's detention does not violate due process, and the petition will be denied. Consequently,

**IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Rec. Doc. No. 1) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge